UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WHALECO INC., <br><br> *Plaintiff*, <br><br> v. <br><br> JEFFREY GLUCK; GLUCK LAW FIRM P.C.; ALEC MONOPOLY ART, LLC; ALEC MONOPOLY, LLC; and COOKIES SF LLC, <br><br> *Defendants*. | Civil Action No. 25-cv-11233 |

**DECLARATION OF SCOTT BURROUGHS IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS**

## DECLARATION OF SCOTT BURROUGHS

I, Scott Burroughs, hereby declare:

1. I am over the age of 18 and make this declaration based on my own personal knowledge. I make this declaration in support of the Motion for Rule 11 Sanctions filed by Defendants Jeffrey Gluck and the Gluck Law Firm, P.C. (together, "Gluck"). If called upon to testify as to these matters, I would competently testify as follows.

2. I am an attorney licensed to practice in California and New York. I am a partner at the law firm Doniger / Burroughs.

3. Since 2021, I have worked as co-counsel with Mr. Gluck on various matters.

4. Since 2023, I have worked as co-counsel with Mr. Gluck on intellectual property matters against Whaleco, Inc. ("Temu").

5. Beginning in late 2023, I assisted Mr. Gluck and his firm in connection with claims on a pre-litigation basis against Whaleco, Inc. ("Temu") on behalf of Cookies SF, LLC ("Cookies"), Alec Monopoly Art, LLC and Alec Monopoly, LLC (collectively, "Alec Monopoly") and various other visual artists. My firm took the lead in drafting the cease-and-desist letter that was sent to Temu on or about January 30, 2024. In the first paragraph of this letter, I wrote that "[o]ur investigation has revealed that your company is marketing and selling products, including without limitation clothing and home products, bearing artwork that is copied from our clients' proprietary artwork ('the Artwork')." I used the term "our" in this letter to refer collectively to the investigation conducted jointly by Mr. Gluck, myself, and other individuals at my firm.

6. I also assisted Mr. Gluck in preparing a draft complaint against Temu on behalf of Cookies, Alec Monopoly and other prospective plaintiffs, which I understand Mr. Gluck

1

shared with Temu. It is my understanding that the prospective plaintiffs listed in this draft complaint engaged in settlement discussions with Temu and settled their claims with Temu outside of court no later than December of 2024. At the time of the December 2024 settlement, I was not aware of any intention by any other of Mr. Gluck's clients to pursue claims against Temu.

7. In February 2025, I began to assist Mr. Gluck on new matters against Temu on behalf of certain plaintiffs, including Market Studios (f/k/a Chinatown Market). My firm took the lead in preparing a draft complaint against Temu on behalf of these prospective plaintiffs. I understand Mr. Gluck sent this draft complaint to Temu's outside counsel on or about February 20, 2025.

8. In late March and early April 2025, I participated in multiple phone calls with Ajay Krishnan and Matan Shacham, Temu's outside counsel at Keker, Van Nest & Peters ("Keker"). Messrs. Krishnan and Shacham claimed during those calls that Mr. Gluck had falsely represented that he and his firm did not have any existing clients who intended to sue Temu at the time of the settlement agreements with Cookies and Alec Monopoly. I announced my presence on these calls and participated in the discussion. Mr. Gluck explained on these calls that he had not made any false representation to Temu. Mr. Gluck also encouraged Messrs. Krishan and Shacham to speak with Temu's prior counsel at White & Case and the Honorable S. James Otero (Ret.) who had mediated the prior disputes. In these calls, Keker acknowledged that it had not spoken substantively with Temu's prior counsel at White & Case, did not have full client files from prior counsel, had minimal context about any of the mediations with Judge Otero, refused to discuss the matter with Judge Otero, and were unaware of the details related to the prior years' worth of dialogue between the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2025, at New York, New York.

Scott Burroughs

3